Electronically Filed 5/5/2023 2:26 PM
Stacey Kemp County Clerk
Collin County, Texas
By: Sharon Howard, Deputy
Envelope ID: 75278094

007-01234-2023

CAUSE NO. _____

| | | |
|---|---|---|
| HILDA LUNA, | § | IN THE COUNTY COURTS AT LAW |
|     Plaintiff, | § | |
| | § | |
| vs. | § | COLLIN COUNTY, TEXAS |
| | § | |
| SLMP, LLC | § | |
|     Defendant. | § | COURT AT LAW NO. \_\_\_\_ |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW HILDA LUNA (hereinafter referred to as "Plaintiff") Plaintiff in the above-numbered and styled cause, complaining of SLMP, LLC, (hereinafter referred to as "Defendant"), and for her cause of action would respectfully show the Court and jury the following:

### I.
### Discovery

Pursuant to Tex. R. Civ. P. 190, a Level 1 discovery control plan is appropriate in this case. Plaintiff seeks only monetary relief of less than $250,000.00 including damages of any kind, penalties, cost, expenses, pre-judgement interest and attorney fees.

### II.
### Parties, Jurisdiction and Venue

Plaintiff is a resident of Farmersville, Collin County, Texas the last four digits of Plaintiff's social security number are 2252 and the last three digits of her drivers' license number are 474.

Defendant SLMP, LLC is authorized to do business in Texas and may be served with process

by serving its registered agent, National Registered Agents, Inc. 1999 Bryant Street, Ste. 900, Dallas, TX 75201.

This Court has jurisdiction over the subject matter of this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Collin County, Texas pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code as a substantial part of the events giving rise to this cause of action occurred in Collin County, Texas.

### III.
### Facts

Plaintiff is a former employee of the Defendant. On or around March 3, 2021, Plaintiff was injured in the course and scope of her employment. Plaintiff notified her supervisor of her injuries and the pain from those injuries. The supervisor in charge refused to send her for medical treatment. Plaintiff finally went to the emergency room five days later when she could no longer take the pain. Plaintiff asked to open a workers' compensation claim but was told she had to wait to open the claim, because the person in charge of reporting the injuries was on vacation for approximately three weeks. Starting on March 9, 2022, Plaintiff was given light duty work restrictions. Plaintiff's restrictions were no lifting more than 10lbs; no standing; no kneeling/squatting; no bending/stooping; no pushing/pulling; no twisting; no walking; no climbing stairs/ladders; no reaching; no overhead reaching and must wear splint/cast at work. By March 23, 2022, the restrictions on standing and walking were lifted. Plaintiff could lift up to 15lbs and Plaintiff was out of the splint, but all other restrictions stayed the same. The Defendant did not present Plaintiff with any type bona fide job offer as per the Texas workers' compensation rules. The Plaintiff's light duty

job assignment was not continued; however the employer did extend her work hours and increase her job duties. Plaintiff was not offered anytime off to cover her doctor's appointments. She was given an un-excused absence every time she missed work for doctor appointments related to the on the job injury or because of she had to take time off due to the extreme pain caused by her injuries. As a result she accumulated enough absences to allow the Defendant to terminate her. Plaintiff was terminated on May 5, 2021. Defendant had a duty to notify Plaintiff that she was eligible to apply for leave under FMLA to cover her absences. Defendant knew or should have known Plaintiff was eligible for leave under FMLA which would have protected her job and excused her absences. Defendant interfered with Plaintiff's rights by failing to offer her FMLA. It is our contention that Plaintiff's employment was intentionally terminated in retaliation for initiating a workers' compensation claim. Defendant wrongfully discriminated against Plaintiff in violation of 451.001, et seq., Texas Labor Code and in violation of the Family Medical Leave Act.

## IV.
## Damages

As a result of said discrimination, Plaintiff has been damaged in that Plaintiff has lost wages and benefits in the past and may suffer a loss of future earnings and benefits. Plaintiff has further suffered mental anguish in the past and will continue to suffer mental anguish in the future. Plaintiff brings this cause of action to recover such damages.

Plaintiff will show that she is entitled to exemplary damages as a result of the willful, intentional and malicious wrongful discharge/termination and/or discrimination by the Defendant. Plaintiff further is entitled to exemplary damages in that the defendant acted with intentional malice.

## V.
## Jury Demand

Plaintiff hereby demands trial by jury.

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff have and recover judgment from the Defendant as follows: actual damages in a sum in excess of the minimum jurisdictional limits of the Court; punitive damages in a sum in excess of the minimum jurisdictional limits of the Court; pre-judgment interest as provided by law; interest on the judgment at the legal rate; costs of court; and such other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,
**Law Offices of Christian Jenkins, P.C.**
By:/s/ Christian Jenkins
Christian Jenkins
State Bar No. 10625500
1307-B West Abram, Suite 100
Old Town Office Plaza
Arlington, Texas   76013
Christian@christianjlaw.com
(817) 461-4222 – telephone
(817) 461-5199 – facsimile